RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
MᴄCᴜɴᴇWʀɪɢʜᴛ LLP
3281 East Guastu Road, Suite 100
Ontario, California  91761
Telephone:  (909) 557-1250
Facsimile:  (909) 557-1275

*Attorneys for Plaintiff and the Proposed Class*

***[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL JACKSON, individually and on behalf of all others similarly situated, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> TELEBRANDS CORP., and MOULTON LOGISTICS MANAGEMENT, ) <br><br> Defendants. ) | Case No.: 2:17-cv-04107 <br><br> **CLASS ACTION COMPLAINT** <br><br> **(1) VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201, et seq.;** <br> **(2) BREACH OF EXPRESS WARRANTY;** <br> **(3) BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY;** <br> **(4) VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301 *et seq.*;** <br> **(5) UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION.** <br><br> **JURY TRIAL DEMANDED** |

-1-

Plaintiff Cheryl Jackson ("Plaintiff"), on behalf of herself and all persons similarly situated, by and through her attorneys, alleges as follows.

## INTRODUCTION

1.     This is a class action brought by Plaintiff, individually and on behalf of all other similarly situated consumers who purchased Grassology, a product manufactured, marketed, distributed, warranted and, in some cases, sold by Defendant Telebrands Corp. ("Telebrands").  Telebrands distributed, sold and provided customer support for the product jointly with Moulton Logistics Management ("Moulton," and, collectively "Defendants").

2.     Defendants' ubiquitous television and internet advertisements tout Grassology as a "breakthrough" and premium alternative to traditional grass seed. According to Defendants, Grassology's seeds are "Guaranteed to Grow" and result in grass with roots that grow up to four times deeper than traditional grass, but grow more slowly and therefore require much less frequent mowing and watering, and do not require fertilizing or weeding.  Defendants' website and product labels make identical claims.

3.     Contrary to Defendants' representations, however, Grassology does not work as advertised.  Grassology is little more than unspecified, low quality varietals of various grasses unsuited for many climates and terrains.

4.     Defendants knew, or should have known, that Grassology is defective, unfit for its ordinary and intended purpose, and incapable of performing as advertised.  Moreover, Defendants actively concealed this material fact from Plaintiff and the members of the Class.

5.     Presumably in response to the thousands of consumer complaints they have received, Defendants ceased directly marketing Grassology in 2016. Defendants nevertheless continue to sell this defective product to consumers throughout the United States through third-party internet and brick-and-mortar retailers such as Amazon and Wal-Mart, causing consumers millions of dollars in

1    damages.

## PARTIES

3    *Plaintiff*

4        6.      Plaintiff Cheryl Jackson ("Jackson") is a citizen of the state of
5    Florida and currently resides in Tallahassee, Florida.  In or around June 2014,
6    Jackson ordered Grassology through Defendants' website for personal, family or
7    household use.  Jackson paid $32.97, including $7.99 for shipping and handling,
8    and received two one-pound bags of Grassology and a "complimentary" watering
9    hose.  Prior to purchasing Grassology, Plaintiff viewed and relied upon the
10   advertising claims made in Defendants' television infomercials, on its website, and
11   on the photograph of the product's label made available on the website, all of
12   which were intended by Defendants and their agents to entice consumers to
13   purchase Grassology at a premium over conventional grass seeds.  Jackson spread
14   Grassology seeds throughout her lawn, including on several bald spots, in
15   accordance with Defendants' instructions.  After several weeks, Grassology had
16   yet to grow.  Jackson subsequently contacted Defendants by phone and alerted
17   them to the product's seeming failure only to be told to "give it more time."
18   Jackson relied on Defendants' continued misrepresentations and purchased
19   additional Grassology seeds for $24.99 inclusive of shipping and handling in order
20   to have additional supply at the ready as she waited for the seeds she previously
21   purchased to germinate.  However, the seeds never germinated as promised.  But
22   for Defendants' myriad misrepresentations and omissions, Jackson would not have
23   purchased Grassology or would have requested a refund immediately after
24   purchase.

25   *Defendants*

26       7.      Defendant Telebrands Corporation ("Telebrands" or "Defendant") is
27   a New Jersey corporation with its headquarters and principal place of business
28   located at One Telebrands Plaza in Fairfield, New Jersey.  Telebrands is a leading

manufacturer and direct marketer of "as seen on TV" consumer products. Telebrands manufactures and warrants all its products, including Grassology, and markets and sells them through infomercials, toll-free numbers and proprietary websites, as well as through traditional and online retailers such as Walmart, Rite-Aid, Walgreens, and Amazon, among others.

8.    Defendant Moulton Logistics Management ("Moulton") is a California Corporation with its headquarters and principal place of business located at 7850 Ruffner Avenue in Van Nuys, California.  According to its website, Moulton "is one of the largest As Seen on TV fulfillment companies in the industry."[1]  Moulton also "provides Omni-Channel Fulfillment services which allows [its partners] to sell and distribute product direct to individual customers, direct to businesses, drop-ship on 3rd party marketplaces, bulk to wholesalers, or bulk to brick-and-mortar retail stores[,]"[2] as well as customer response services, including customer care, inbound call processing, customer service emails, technical product information to complaining customers.[3]  On information and belief, Moulton provided channel fulfillment services to Telebrands, including drop-shipping on third-party marketplaces like Amazon.  Moreover, Moulton provided many of these services to Telebrands' and acted as its agent for purposes of distributing Grassology, processing and fulfilling customer orders, processing and deciding customer warranty claims, and providing customer support.

9.    As evidenced by the invoice attached hereto as Exhibit A, Moulton was an intimate and willing participant in the fraudulent and deceptive scheme described herein.  Moulton processed and fulfilled all direct customer orders, received, processed and responded to all customer inquiries and warranty claims,

---

[1] http://www.moultonlogistics.com/services/drtv-fulfillment (last visited May 30, 2017).

[2] http://www.moultonlogistics.com/how-it-works (last visited May 30, 2017).

[3] http://www.moultonlogistics.com/services/e-commerce-contact-center-solutions (last visited May 30, 2017).

-4-

and deceived complaining customers concerning Grassology's inherently defective nature in an effort to convince them to forego a refund.

10.     At all times mentioned herein, each and every Defendant was acting as an agent and/or employee of the other Defendant, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission, and consent of the other Defendant.  In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by, the other Defendant.  Accordingly, Defendants operated as a single entity such that any individuality or separateness between them has ceased and each of them is the alter ego of the other.  Adherence to the fiction of the separate existence of Defendants and each of them, would, under the circumstances set forth in this Complaint, sanction fraud or promote injustice.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States.

12.     This Court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district, and intentionally and purposefully placed Grassology into the stream of commerce from within the Central District of California and throughout the United States.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this district, advertise in this district and have received substantial revenue and profits from the sale of Grassology in this district, including to Plaintiff Jackson and other members of the Class.  Therefore, a substantial part of the events and/or omissions giving rise to the claims occurred,

in part, within this district.

## FACTUAL BACKGROUND

**A.      Defendants' Deceptive Marketing Campaign**

14.      Sometime in 2014, Defendants began manufacturing, marketing, distributing and warranting Grassology, and, like many direct marketers, selling the product through television infomercials and a proprietary website, as well as through various retailers, including Wal-Mart and Amazon.  Upon information and belief, consumers have purchased millions of dollars' worth of Grassology.

15.      Defendants market Grassology as a premium alternative to traditional grass seed.   Specifically, Defendants represented on the original Grassology website[4] that:

> Unlike regular grass that requires constant water and fertilizer, Grassology grows roots that are four times deeper than ordinary grass to find their own water and nutrients instead of depending on you for constant watering and feeding! And, Grassology slowly grows to a dwarf height so there's less mowing, guaranteed! You can use it to fix bad spots, or you can sprinkle it over your entire lawn. And before you know it, you'll have barefoot soft grass that naturally resists disease, resists insects, and even resists weeds! With Grassology, you save time and money because there's no more high watering bills, no more weekly mowing, no more ongoing fertilizing and no more weeding! This original low maintenance seed blend is so revolutionary it even has a patent pending by the US Government! So get Grassology today and create the easiest, low maintenance, beautiful lawn you've ever had!

16.      Defendants' product packaging[5] also makes bold claims concerning the durability and performance properties of Grassology.  Defendants claim Grassology:

---

[4] The website originally available at https://www.grassology.com was closed sometime in 2016. Plaintiff's allegations are based on an archived version of the website available at https://web.archive.org/web/20140718100534/https://www.grassology.com/index.jsp (archived July 18, 2014).

[5] Available at https://www.amazon.com/Telebrands-Grassology-LB-LWN-Care/dp/B00XZCW4ZO (last visited May 30, 2017).

Class Action Complaint
Case No.:  2:17-cv-04107

- Is a "breakthrough" and "patented" alternative to traditional grass seeds
- "Guaranteed To Grow"
- "Ultra Low Maintenance"
- Grows roots "Up To 4X Deeper!"
- "Defends against Disease, Weeds & Insects"



17.     Defendants' commercials make similarly false advertising claims. Their primary television commercial, which it also publicized on its website, touted that (emphasis added):

> Has Rover gone all over and left your lawn with bald spots?  Do you have high traffic areas or shady areas that look like this?  It's time to fix it fast with new Grassology.  The all new all natural grass seed that turns problem areas into lush green grass.  **Quick and easy. Just sprinkle the amazing Grassology seeds and you'll be amazed at how fast those ugly patches and worn**

**areas fill in with gorgeous green, barefoot soft grass.**
The secret's in the seed blend.  The scientists and lawn
experts at Grassology have taken 10 years to blend the
best seeds for the best grass.  **Grassology grows smart,
fast, is hearty and easy to maintain.  It grows
practically anywhere, even on slopes and steep areas.
Grassology's roots grow four times longer, reaching
deep down water and nutrient sources combined with
thick gorgeous green blades that grow to the perfect
dwarf height.**  Grassology is the science of grass -
perfected.  Which also means less mowing and
practically no watering or fertilizing.  **It's time to get rid
of those bald spots and bad patches for good – with
Grassology.  You can even make over your entire
lawn.  Simply spread Grassology over your existing
lawn and watch it transform into a lush, plush,
picture-perfect landscape.  If your bald spots aren't
gone and your lawn isn't thicker, fuller and greener
in 60 days, we'll give you your money back.**  Order
now and get 1 lb. of Grassology, enough for 250 square
feet of gorgeous, barefoot soft lawn, for just $14.99.  But
if you call right now, you can double the order to 2 lbs.
That's more than 500 square feet.  Plus, you can also get
a 25 ft. Pocket Hose Ultra.  The number 1 expandable
garden hose in the world is now three times stronger.
Grassology for $14.99.  Call now.  Grassology by Pearl's
Premium.[6]

18.    Defendants also contracted world-famous handyman Bob Vila to add

the appearance of expertise to its product and commercials.  In one such

commercial, now available on YouTube,[7] Vila makes similarly misleading claims

designed by Defendants to lure unsuspecting consumers:

A great lawn can make a house look like a home, add
value to your property and it's fun for the whole family.
Hi.  Bob Vila here, with a breakthrough in grass seed that
can give you great green grass.  It's called Grassology.
It's grass seed based on science that's **guaranteed to
give you great green grass**.  **And once it's established,
you quickly begin to see a gorgeous green lawn that's
virtually maintenance free.**  Grassology is patent
pending and it's the original low maintenance seed blend
developed by Pearl's Premium.  You've probably seen it
in the news.  You see, regular grass requires frequent
watering and fertilizing.  **But Grassology's roots extend
4 times deeper than ordinary grass to reach the good
stuff that's underground, like water and nutrients.**

---

[6] Transcription of commercial available at https://www.5secondfix.com/ (last visited May 30, 2017).

[7] Transcription of commercial available at https://www.youtube.com/watch?v=ZHiXqEVoa4Q (last visited May 30, 2017).

> **And the best part, Grassology reaches a dwarf height so there's a lot less mowing. Guaranteed.** With Grassology, you'll have more time to enjoy your lawn. **Check this out (before and after comparison) – that's the Grassology difference.** We've all seen bare patches, bald spots or brown spots caused by pets. Try Grassology. It naturally fights disease, insects, even weeds so you have a lawn that looks like a fairway. No one mowed this lawn in months. Check out the Grassology difference after a harsh drought. **If your lawn isn't thicker, fuller and greener in sixty days, you'll get your money back.** And best of all, it's made right here in the U.S.A.

19.    Plaintiff and Class members viewed and relied on Defendants' marketing materials and/or product labels prior to purchasing Grassology, and believed their representations regarding the product's performance properties to be true.

**B.    Grassology Does Not Perform as Advertised**

20.    Contrary to Defendants' representations, however, Grassology does not provide low-maintenance grass that is guaranteed to grow. Instead, Grassology appears to consist of little more than low-quality, unspecified varieties (commonly referred to as VNS) of traditional grass seeds—as well as what customers have described as but seeds that result in additional unsightly weeds—that sell at a premium over grass seeds that provide superior performance and appearance. Simply put, Grassology is unsuited for its intended purpose and does not live up to its baseless marketing claims.

21.    Grassology purchasers have attempted to use the product only to learn that Defendants' aggressive marketing claims were false and intended to deceive them into buying the product. A number of internet blogs and other websites publish consumer complaints describing the exact same performance issues as those described herein and suffered by Plaintiff and the Class. On Amazon.com, for example, 49% of customers reviewing Grassology give the product 1 or 2 out of 5 stars and lodge countless complaints including the following, which represent only a small sampling of the hundreds of negative customer reviews:

**One Star**, August 4, 2016[8]

Didnt grow at all even with following the instructions

---

**Bad Purchase**, April 10, 2014 [9]

Don't waste your money and time. Can't even get it to sprout. Just another one of those hyped up TV products that looks wonderful on TV but little or no results at home. I'm surprised at Amazon .Com for selling this product. Also I paid $25.01 for a 3 lb bad at Amazon and could have purchased it for $19.99 at a local store. This is the first time I have been disappointed in an Amazon purchase.

---

**This product is junk!**, April 26, 2014[10]

Great marketing program but if it sounds too good to be true it probably is. I grew up on a farm and knew better but thought with the new technologies available it might be worth evaluating. Very expensive for grass seed but I spent almost $150 and when it didn't grow after a month I contacted customer service at Grassology. After a fairly long conversation with their representative who defended the product, I asked the representative if they had ever used the product and they the answer was no so I asked them how they knew that it was such a great product, they then offered me a refund of $20. After asking about their 100% satisfaction guarantee, they indicated if I returned the product, I had obviously planted the grass seed and it was not recoverable, they would refund me the seed cost. I don't consider this a quality product or company.

---

[8] https://www.amazon.com/gp/customer-reviews/R398L1ULXWPTYH/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00XZCW4ZO (last visited May 30, 2017).

[9] https://www.amazon.com/gp/customer-reviews/R12RNQ14R9C58A/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00XZCW4ZO (last visited May 30, 2017).

[10] https://www.amazon.com/gp/customer-reviews/R36CXIU8J0DKV9/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00XZCW4ZO (last visited May 30, 2017).

-10-

**No grass growing**, April 28, 2014 [11]

This was a waste of my money nothing is growing at all
and I followed the direction like it said

_____

**Does not grow- do not buy**, May 12, 2014 [12]

Same experience as others- not a single blade of grass.
Zero seeds germinated.
A lot of work to prepare area, rake, then straw, water, etc.
Very disappointed - especially in Bob Villa!!

22.     Consumer complaints regarding Grassology on the Walmart website are strikingly similar: roughly half of all reviews give the product low marks and note the product's failure to germinate and grow as advertised.

23.     Grassology's shortcomings are hardly surprising.  Experts report Grassology is not a miracle product, but a mix of seven types of VNS seeds—a designation typically applied to low-quality, low-cost seeds.[13]  Moreover, many of the seed-types included in the mix are suitable only for certain climates.  Consumers also have reported that when Grassology seeds germinate, the seeds result in additional weeds rather than the aesthetically pleasing dwarf grass Defendants promise.  Grassology is anything but "Guaranteed to Grow[.]"  Indeed, Grassology's only honest facet of Defendants' fraudulent advertising campaign is that its product requires more infrequent mowing and gardening, but only because the grass will not grow.

24.     Defendants were, and are, under a continuing duty to disclose the defective nature of Grassology to consumers, but instead continues to

_____

[11] https://www.amazon.com/gp/customer-reviews/RBDUWITR7B84W/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00XZCW4ZO (last visited May 30, 2017).

[12] https://www.amazon.com/gp/customer-reviews/R2ECB2WYF5NSC0/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00XZCW4ZO (last visited May 30, 2017).

[13] http://turf.uark.edu/turfhelp/archives/042114_Grassology.html (last visited May 30, 2017).

fraudulently market the remaining stock of its product through third-party retailers

25.    Defendants also frequently tell complaining customers that the product simply requires more time and care to germinate and grow.  For instance, Plaintiff Jackson contacted Defendants to complain about Grassology's failure to germinate, only for Defendants to deny that Grassology did not work as advertised, and insist that the product's claims were accurate and that Jackson simply needed to "give it more time."  Rather than insist on a refund, Plaintiff continued to reasonably rely on Defendants' misrepresentations and purchased additional product only to ultimately realize that Grassology simply does not work as advertised.  And frustrated consumers that refuse to accept anything less than a refund are informed, that they are ineligible for a full refund because they cannot return the product unopened and unused, thus ensuring Defendants retain their ill-gotten gains.

26.    Defendants' fraudulent, deceptive and unfair practices have caused, and continue to cause, Plaintiff and Class members significant out-of-pocket loss in the amount of the price paid for this defective product.

## CLASS ACTION ALLEGATIONS

27.    This action is brought on behalf of Plaintiff, individually and as a class action, pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2) and/or 23(b)(3) on behalf of a nationwide class of consumers.  Specifically, the nationwide class consists of:

> All persons in the United States who purchased Grassology (the "Nationwide Class" or "Class").

Excluded from the Nationwide Class are Defendants, any entities in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assigns and successors.  Also excluded are the judge to whom this case is assigned and any member of the

judge's immediate family.

28.     In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P. 23(c)(5), Plaintiff seeks to represent the following state subclasses (collectively, the "State Classes"):

> All persons in Florida who purchased Grassology (the "Florida Class").

Excluded from the State Classes are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assigns and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

29.     This action has been brought and may be properly maintained as a class action for the following reasons:

a.     <u>Numerosity</u>: Members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believe that the proposed Class contains at least thousands of consumers.  Upon information and belief, Defendants sold Grassology to at least thousands of people throughout the United States.  The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible.  The precise number of Class members is unknown to Plaintiff.

b.     <u>Existence and Predominance of Common Questions of Fact and Law</u>:  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

> i.     whether Grassology does not perform as advertised;
>
> ii.     whether Defendants knew that Grassology does not perform as advertised;

-13-

iii.    whether Defendants intentionally concealed or failed to disclose to Plaintiff and the Class the inherently defective nature of Grassology;

iv.    whether Defendants had a duty to Plaintiff and the Class to disclose that Grassology cannot perform as advertised, and whether Defendants breached that duty;

v.    whether a reasonable consumer would consider the defective nature of Grassology material in deciding to purchase the product;

vi.    whether Defendants' advertising claims give rise to actionable express warranties;

vii.    whether Defendants breached express and implied warranties by selling a defective product and failing to refund Plaintiff and Class members all funds paid;

viii.    the appropriate nature of class-wide equitable relief; and

ix.    the appropriate measure of damages to award to Plaintiff and Class members.

These and other questions of law or fact common to the members of the Class predominate over any questions affecting only individual Class members.

c.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased Grassology, designed, manufactured, marketed, distributed, warranted and supported by Defendants, as did each member of the Class.  Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries arising out of Defendants' wrongful conduct.  Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent class members.

-14-

d.      <u>Adequacy</u>:  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class she seeks to represent;  she has retained counsel competent and highly experienced in complex class action litigation; and she intends to prosecute this action vigorously.  The interests of the Class will therefore be fairly and adequately protected by Plaintiff and her counsel.

e.      <u>Superiority</u>: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class.  The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation required by Defendants' conduct.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.  Even if the members of the Class could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation would substantially increase the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

f.      Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the class as a whole.

//
//
//
//
//

-15-

Class Action Complaint
Case No.:  2:17-cv-04107

## VIOLATIONS ALLEGED

## COUNT I

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Fla. Stat. § 501.201, *et seq.*

### (On Behalf of the Florida Class)

22.     Plaintiff and the Florida Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

30.     Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).

31.     Defendants' misrepresentations and material omissions regarding the defective nature of Grassology constitute false, misleading, and deceptive acts or practices in violation of the FDUTPA in that Defendants' misrepresentations and omissions were likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.

32.     Defendants intended their misrepresentations and omissions to induce Plaintiff and Class members to purchase an inferior product at a premium price.  Defendants' conduct therefore was immoral, unethical, oppressive, unscrupulous or substantially injurious to consumer, and thereby also constitute unfair practices in violation of the FDUTPA.

33.     Defendants' false, misleading, and deceptive acts and omissions took place in the course of trade or commerce.

34.     Defendants' conduct proximately caused injuries to Plaintiff and other Class members.  But for Defendants' myriad misrepresentations and omissions, Jackson would not have purchased Grassology, would have requested a refund immediately after purchase or would have paid less for the product than she

did.

## COUNT II

### BREACH OF EXPRESS WARRANTY

**(On Behalf of the Nationwide Class or, Alternatively, the Florida Class)**

35.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

36.    Plaintiff brings this count on behalf of herself and the members of the Class.

37.    Defendants' packaging and commercials expressly warrant that Grassology (1) is "Guaranteed To Grow"; (2) is "Ultra Low Maintenance"; (3) Grows roots "Up To 4X Deeper!"; (4) "Defends against Disease, Weeds & Insects" when it does not; (5) is **"Quick and easy" to plant and cultivate; (6) grows anywhere; and (7) results in a "a lush, plush, picture-perfect landscape.**

38.    These promises became part of the basis of the bargain between the parties and created collective express warranties that Grassology would conform to Defendants' affirmations and promises.

39.    Defendants breached these express warranties by supplying a product that does not and cannot perform as warranted, and by failing to compensate Plaintiff for damages caused by the Products.

40.    Plaintiff and members of the Class notified Defendants of the breach within a reasonable time, and/or were not required to do so because affording Defendants a reasonable opportunity to cure their breach of written warranty would have been futile.  Defendants also know of Grassology's inherently inability to conform to Defendants' warranties, yet have chosen to conceal this fact from Plaintiff and Class members and refuse to comply with their warranty obligations.

41.    As a direct result of Defendants' breach, Plaintiff and the Class bought Grassology when they otherwise would not have, and did not receive the benefit of their bargain.  Plaintiff has therefore suffered damages, injury in fact,

and ascertainable loss in an amount to be determined at trial.

## COUNT III

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

**(On Behalf of the Nationwide Class or, Alternatively, the Florida Class)**

42.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

43.     At all times mentioned herein, Defendants manufactured and sold Grassology, and impliedly warranted that Grassology was of merchantable quality when it is in fact unfit for its ordinary and intended use.

44.     As a direct and proximate result of the breach of said warranties, Plaintiff and the  members of the Class suffered and will continue to suffer losses as alleged herein.

45.     To the extent any Plaintiff or Class members are required to establish privity in order to state a claim for breach of the implied warranty, Plaintiff and Class members are intended third-party beneficiaries of contracts, including express warranties, between Defendants and their dealers, franchisees, representatives and agents. On information and belief, Defendants' authorized dealers, franchisees, representatives, and agents purchased Grassology from Defendants pursuant to valid and enforceable agreements.  Because Plaintiff and Class members—rather than Defendants' authorized dealers, franchisees, representatives, and agents—were the intended end users of Grassology, Plaintiff and Class members were the intended (and not incidental) third party beneficiaries of the agreements entered into among Defendants and their authorized dealers, franchisees, representatives, and agents, and any warranties, express or implied, flowing therefrom.  Indeed, Defendants' authorized dealers, franchisees, representatives, and agents did not and would not purchase Grassology for personal use, therefore the implied warranties flowing to them actually are

intended to protect their customers from the losses Defendants' Grassology product has caused and will continue to cause them.  Accordingly, Defendants are estopped from limiting claims for common law and statutory violations based on a defense of lack of privity.

## COUNT IV

### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT

### (15 U.S.C. § 2301 *et seq.*,)

### (On behalf of the Nationwide Class)

46.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

47.    Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

48.    Grassology is a "consumer product," as defined by 15 U.S.C. § 2301(1).

49.    Plaintiff and the Class are "consumers" as defined by 15 U.S.C. § 2301(3).

50.    Defendants are "warrantor[s]" and "supplier[s]" as defined by 15 U.S.C. §§ 2301(4) and (5).

51.    Defendants have failed to remedy the defects plaguing Grassology.

52.    Defendants' packaging and commercials expressly warrant that Grassology (1) is "Guaranteed To Grow"; (2) is "Ultra Low Maintenance"; (3) Grows roots "Up To 4X Deeper!"; (4) "Defends against Disease, Weeds & Insects" when it does not; (5) is "Quick and easy" to plant and cultivate; (6) grows anywhere; and (7) results in a "a lush, plush, picture-perfect landscape.

53.    At the time Defendants issued written warranties covering

-19-

Grassology, Defendants knew and had notice that Grassology does not, and cannot, perform as advertised. Defendants' continued misrepresentations and omissions concerning Grassology are "[u]nfair methods of competition in or affecting commerce, and [are] unfair or deceptive acts or practices in or affecting commerce." Accordingly, Defendants' behavior is unlawful under 15 U.S.C. §§ 2310(b), 45(a)(1).

54.     Plaintiff seeks to recover damages caused as a direct result of Defendants' breach of written and implied warranties, and its deceitful and unlawful conduct. Damages include monies paid for Grassology.

55.     The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiff seeks to enjoin Defendants from acting unlawfully as alleged, including but not limited to ceasing its fraudulent and deceptive marketing campaign and actively discouraging Plaintiff from seeking all remedies available under the law.

56.     The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiff intends to seek such an award as prevailing consumers at the conclusion of this case.

## COUNT V

## UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION

### (On Behalf of the Nationwide Class or, Alternatively, the Florida Class)

57.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

58.     Plaintiff brings this count on behalf of themselves and the members of the Class.

59.     Because of their wrongful acts and omissions, Defendants charged a higher price for Grassology than its true value and obtained monies which rightfully belong to Plaintiff and the Class.

60.     Defendants enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and other Class members. It would be inequitable and unjust for Defendants to retain these wrongfully obtained profits.

61.     Plaintiff, therefore, seeks an order requiring Defendants to make disgorgement and restitution to them and other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, on behalf of themselves and members of the Class, that this Court:

A.   determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue order certifying the Class or Classes as defined above;

B.   award all actual, general, special, incidental, statutory, punitive and consequential damages to which Plaintiff and Class members are entitled;

C.   award pre-judgment and post-judgment interest on such monetary relief;

D.   grant appropriate injunctive relief and/or declaratory relief as the Court may deem reasonable; and

E.   award reasonable attorneys' fees and costs; and grant such further and other relief that this Court deems appropriate.

Dated:  June 1, 2017                         Respectfully submitted,

By:     */s/ David C. Wright*
David C. Wright
**MCCUNE WRIGHT AREVALO LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
Email: dcw@mccunewright.com

Joseph G. Sauder*
**MCCUNE WRIGHT AREVALO LLP**
555 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580
Facsimile: (610) 727-4360
Email: jgs@mccunewright.com

Bryan L. Clobes*
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
1101 Market Street
Philadelphia, PA 19107
Phone: (215) 864-2800
Facsimile: (215) 864-2810
Email: bclobes@caffertyclobes.com

Daniel O. Herrera*
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
150 S. Wacker Dr.
Suite 3000
Chicago, Illinois 60606
Telephone: (312)782-4880
Facsimile: (312)782-7785
Email: dherrera@caffertyclobes.com

*Counsel for Plaintiff and the Class*
*\* Pro Hac Vice Applications to be Submitted*

## JURY DEMAND

Plaintiff, on behalf of herself and the putative class, demand a trial by jury on all issues so triable.

Dated: June 1, 2017

Respectfully submitted,

By:    */s/ David C. Wright*
David C. Wright
**MCCUNE WRIGHT AREVALO LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

-22-

Email: dcw@mccunewright.com

Class Action Complaint
Case No.:  2:17-cv-04107